```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION
```

SHARON LATRELL MOBLEY,

        Plaintiff,

v.                          CASE NO. 3:07-cv-1217-J-34HTS

PUTNAM COUNTY SHERIFF,
DEAN KELLY, etc., et al.,

        Defendants.
_____

## **O R D E R**

This cause is before the Court on Defendant's Motion for Sanctions (Doc. #38; Motion). No opposition has been filed pursuant to Rule 3.01(b), Local Rule, United States District Court, Middle District of Florida, and the time for doing so has passed.

The Motion asks that sanctions be imposed against Plaintiff for his failure to appear at his own deposition on July 31, 2009. *See* Motion at 1. Specifically, Defendant Dean Kelly requests "this case be dismissed with prejudice and that he be awarded costs and fees in the amount of $1,292.50[,]" *id*. at 4, for the time spent by his attorney traveling to and from the deposition location and "waiting for the possibility of Mr. Mobley's late arrival[,]" the costs associated with the trip, and "the expense of a court reporter[']s appearance[.]" *Id*. at 2.

Rule 37(d), Federal Rules of Civil Procedure, "permits a Court to sanction a party for failing to appear for a deposition, and permissible sanctions include dismissal." *Doye v. Colvin*, No. CV408-174, 2009 WL 2632704, at *1 (S.D. Ga. Aug. 24, 2009) (footnote omitted). However, "[']dismissal []is an extreme remedy and should not be imposed if lesser sanctions will suffice.'" *Id*. (quoting *Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir. 1988) (per curiam)) (alterations added to reflect full extent of quote). In determining the appropriate sanction, the willfulness of the offending party may be considered. *See, e.g., id.*

Mr. Kelly argues "[t]his is not the first time that the Plaintiff has acted so as to frustrate meaningful attempts of discovery." Motion at 3. For instance, his responses to Defendant's "initial interrogatories and initial production request . . . were untimely." *Id*. Defendant also points to Plaintiff's failure "to respond to a directive to show cause why the matter should not be dismissed for lack of prosecution" as an example of Mr. Mobley's disinterest in meaningfully prosecuting this action. *Id*.

It is noted that the want of any explanation for Plaintiff's non-appearance further suggests the willfulness of his absence. Mr. Mobley's conduct is clearly unacceptable. Still, the Court is not ready under the circumstances to recommend the extreme remedy of dismissal. This is the first time Mr. Mobley has missed his

deposition and he did not neglect "to abide by an order of the Court in failing to appear[.]" *Jones v. Sanofi-Aventis U.S., Inc.*, Civil Action File No. 1:08-CV-590-TWT, 2009 WL 535756, at *3 (N.D. Ga. Mar. 2, 2009) (denying sanction of dismissal despite plaintiff's refusal to show up at his deposition, which had twice been postponed due to his inability or unwillingness to attend). The possibility also remains that Plaintiff's actions were beyond his control or due to some misunderstanding. *Cf.* Motion at 1 ("Plaintiff was involuntarily in custody and later Baker Acted during much of th[e] discovery period."). Moreover, Defendant has not established that lesser sanctions will be insufficient.

Accordingly, the Motion (Doc. #38) is **GRANTED** to the extent the discovery period is reopened for the limited purpose of taking Mr. Mobley's deposition, which shall be conducted within twenty (20) days from the date of this Order at a time and location to be agreed upon by the parties. Further, on or before October 19, 2009, Plaintiff shall pay Defendant Dean Kelly $1,281.50[1] for the time spent by his attorney, the costs incurred in traveling to and from the scheduled deposition, and the expense of a court reporter.

---

[1] The slight difference between the amount requested and awarded reflects the Court's calculation of the mileage rate.

*See* Motion at 2, 4; Affidavit in Support of Defendant's Motion for Sanctions, attached to the Motion, at 2.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of October, 2009.

```
                                /s/   Howard T. Snyder
                                HOWARD T. SNYDER
                                UNITED STATES MAGISTRATE JUDGE
```

Copies to:

All counsel of record
    and pro se parties, if any